UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 FEB 13 P 4: 11
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| JEREMIAH YOUNG FLYNN | : |
| | :         PRISONER |
| v. | :         Case No. 3:03CV991(DJS) |
| | : |
| MASHTUCK PEQUOT, et al. | : |

RULING AND ORDER

On August 1, 2003, the court ordered plaintiff to file an amended complaint identifying the defendants by name. Plaintiff was cautioned that failure to file an amended complaint on or before August 31, 2003, would result in the dismissal of this case. Plaintiff did not comply with the order. On September 25, 2003, a judgment of dismissal entered.

Plaintiff now has filed a motion to reopen accompanied by an amended complaint. The amended complaint includes three defendants: Blumgarner, Chief Executive Officer; Launty, General Manager Foxwood Resort and Casino; and Tribal Leader-Name Unknown. As plaintiff now has complied, in part, with the court's order, his motion to reopen [**doc. #10**] is **GRANTED**. The Clerk is directed to docket the amended complaint.

Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. In accordance with federal statutes, the court must

review the amended complaint to ensure that this case goes forward only if it satisfies certain requirements.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000). "When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense

2

> clearly exists on the face of the complaint.
> See <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995).

<u>Livingston</u>, 141 F.3d at 437. The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); <u>Cruz</u>, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. <u>Cruz</u>, 202 F.3d at 596 (citing <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Id.</u> at 597 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

In addition, "unless the court can rule out any possibility,

however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a <u>pro se</u> plaintiff who is proceeding <u>in forma pauperis</u>" to file an amended complaint that states a claim upon which relief may be granted. <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

Plaintiff makes no specific allegation against any defendant in the amended complaint. He alleges that the defendants enticed him to return to Connecticut so that he could be arrested by Connecticut officials for trespass. Although plaintiff alleges that his arrest was improper and he was held without bail for thirty-nine days, he does not name as defendants any state law enforcement officers. Thus, there is no basis for any claim of false arrest. The court concludes that plaintiff is attempting to assert a claim of entrapment against the defendants.

Although entrapment is a defense to criminal charges, research has revealed no case holding that there is a federal constitutional right to be free from entrapment. See <u>Almonte v. Florio</u>, 2004 WL 60306, at *3 (S.D.N.Y. Jan. 13, 2004) (holding that entrapment is not a constitutional offense) (citing cases); <u>see also, e.g.</u>, <u>Jones v. Bombeck</u>, 375 F.2d 737, 738 (3d Cir. 1967) (per curiam) ("While entrapment may be a proper defense in a criminal action, a police officer's participation in such an activity does not constitute a constitutional violation.").

4

Thus, plaintiff's claim is not cognizable in a civil action.

In addition, while entrapment by law enforcement officers may be asserted as a criminal defense, enticement or provocation by a private person does not constitute entrapment. See U.S. v. Russell, 411 U.S. 423, 442 (1973) (noting that enticement by a private person would not entitle a criminal defendant to claim entrapment). The defendants are officers of the Foxwoods Resort and Casino. They are not law enforcement officers. Thus, plaintiff's claims should be dismissed for this reason as well.

In conclusion, plaintiff's motion to reopen [**doc. #10**] is **GRANTED**. The court concludes that plaintiff's claims lack any legal basis and any attempted amendment would be futile. Accordingly, the amended complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk is directed to close this case.

**SO ORDERED** this 13th day of February, 2004, at Hartford, Connecticut.

Dominic J. Squatrito
United States District Judge